IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| V. | § | **4:19-CR-277** |
| | § | **Judge Mazzant** |
| JOSE ALFREDO MARTINEZ | § | |

**RESPONSE TO GOVERNMENT'S EMERGENCY MOTION FOR STAY OF MAGISTRATE'S ORDER**

**TO THE HONORABLE JUDGE MAZZANT, UNITED STATES DISTRICT JUDGE FOR THE EASTERN DISTRICT OF TEXAS:**

On September 17. 2020, Defendant Jose Alfredo Martinez was arrested reentering the United States on a warrant issued on the second superseding indictment in this case. On October 6, 2020, Magistrate Judge Michael S. Berg heard evidence and argument from the US Attorney's Office and from Mr. Martinez's counsel, which is attached hereto as Exhibit "A." The Government's position at the detention hearing is substantially reiterated in the Government's Emergency Motion for Stay of Magistrate's Order. No new evidence or greater insight into the Government's position can be found in the Motion to Stay. In fact, the Government's attorney advised Magistrate Berg, *before his ruling*, that it would file a Motion to Stay, should he deny the Government's Motion to Detain. On October 7, 2020, the Government filed its Motion to Stay pursuant to 18 USC section 3145(a)(1). In that Motion, the Government moved this Court to (1) stay Magistrate Berg's release order and (2) revoke Magistrate Berg's release order. This Court ordered a stay of the release order on October 7, 2020. On October 26, 2020, this Court ordered the parties to brief the issue concerning whether this Court should revoke Magistrate Berg's release order.

An article III Judge has the implicit power, pursuant to 18 USC 3145, to stay a

Magistrate's release order before it can make a review and determination as to whether to revoke the release order. *United State v. Brigham*, 569 F.3d 220, 230 (5th Cir. 2019). The review and determination of the Magistrate's order must be prompt. *Id*.

## **FLIGHT RISK PRESUMPTION REBUTTED AT DETENTION HEARING**

Although this Court is to review *de novo* Magistrate Berg's decision, it should be noted that Magistrate Berg had the benefit of directly communicating with the parties in this case and reviewing all of the proffered evidence, which included Title III wire tap affidavits, an email between Defendant Martinez and Attorney Russell Wilson seeking representation on this case and the Pre-Trial services report. The Government made substantially the same arguments for detention as they made in their Motion To Stay. Defendant Martinez was able to demonstrate that he was not a flight risk due to his extensive ties to the community in Grand Prairie, Texas, his history of being compliant with court orders and because he knew that he had a warrant for his arrest before he reentered the United State of America. Mr. Martinez's Counsel was able to show Magistrate Berg an email exchange between himself and criminal defense lawyer Russell Wilson wherein Defendant Martinez sought Mr. Wilson's assistance in defending him in this case before Defendant Marintez reentered the United States. Mr. Wilson declined and explained to Mr. Martinez that he was already representing a co-defendant on the same indictment. The Government's Motion to Stay seems to supply additional evidence as to the authenticity of this evidence. In particular, the Government asserted that their agents ran a search warrant in June 2020 on Defendant Martinez's residence and asked his paramour about Defendant Martinez's whereabouts. The paramour correctly stated that Defendant Martinez was in Mexico. It is not difficult to imagine that Defendant Martinez's paramour notified him about his warrant. In response, Mr. Martinez sought legal counsel and reentered the United States to face this case.

## DANGER TO THE COMMUNITY PRESUMPTION REBUTTED

The Government also argued that Defendant Martinez was a danger to the community relying on the presumption.  The Government also offered evidence from Defendant Martinez's social media containing off-color remarks.  Defendant Martinez's Counsel was able to show that the social media post was simply a cut and paste from rapper "T-Grizzly" lyrics.  There was no evidence that these remarks were directed at any other person.  To the extent that the Government now offers new evidence of danger, Defendant Martinez has not had the opportunity to examine this evidence and offer a response to it.  Defendant Martinez's Counsel pointed out that none of the Title III affidavits were directed at Defendant Martinez.  Defendant Martinez's name does not appear in these affidavits as a person of interest.  In addition, Defendant Martinez Counsel pointed out that the Government's case against him is predicated on his alleged distribution of Xanax pills throughout the United States.  Evidence that Defendant Martinez distributed methamphetamine and heroin is much weaker, as outlined in the Government's Motion to Stay. Finally, Defendant Martinez's criminal history is not substantial.

## DELAYS DUE TO COVID-19

Defendant Martinez has been held since his arrest at Western Region Detention Facility in downtown San Diego.  This facility is run by GEO on behalf of the U.S. Marshall for pre-trial detainees.  The undersigned counsel recently became aware that this facility is now undergoing an uncontrolled COVID-19 outbreak wherein numerous inmates are being infected with the deadly COVID-19 virus.  On November 1, 2020, the Los Angeles Times reported that at 56 inmates tested positive at Western Region Detention Facility in San Diego which is attached hereto as Exhibit "B".  Counsel spoke to Defendant Martinez yesterday by phone.  Counsel learned that Defendant Martinez tested positive for COVID-19 on October 30, 2020.  Counsel

also learned that substantially more than 56 inmates at this facility have now tested positive for COVID-19. Counsel does not know the current health status of Defendant Martinez. Even if this Court assumes that Defendant Martinez will recover from the virus, it appears that it is unlikely he will be transported to Texas any time soon to resolve this matter due to extensive quarantine efforts made by the US Marshall. Defendant Martinez has been detained on this indictment in San Diego, California since September 17, 2020. Because the US Marshall is unable to transport Defendant Martinez to the Eastern District, this Court has likewise been unable to conduct a *de novo* hearing concerning the weight of the evidence as to detention, as requested in the Government's Motion to Stay. 18 USC section 3145 and the caselaw cited herein make it clear that a review and determination of the release order must be done in a prompt manner. To the extent the 3145 review and determination must now rely on new evidence claimed in the Government's Motion to Stay concerning the weight of the evidence, the Government's Motion to Revoke pursuant to 3145 must simply fail. There seems no possibility that any such hearing can take place in a prompt manner should Defendant Martinez remain in custody.

This Court should deny the Government's request to revoke Magistrate Berg's release order and immediately order Defendant Martinez's release so that Defendant Martinez can safely and promptly return to Texas and this case can proceed.

                    Respectfully submitted,

                    Michael C. Lowe
                    700 N. Pearl Street, Suite 2170
                    Dallas, Texas 75201
                    (214) 526-1900- Telephone
                    (214) 748-4348- Facsimile
                    mlowe@dallasjustice.com

By:              _____
                    Michael C. Lowe
                    State Bar No. 24007573

## **CERTIFICATE OF SERVICE**

This is to certify that on November 3, 2020, a true and correct copy of the above and foregoing document was sent via ecf to the Assistant United States Attorney of record.

                    _____
                    Michael C. Lowe