# EXHIBIT "A"

CLOSED

# U.S. District Court
## Southern District of California (San Diego)
## CRIMINAL DOCKET FOR CASE #: 3:20−mj−03996−JLB−1

Case title: USA v. Martinez

Date Filed: 09/18/2020
Date Terminated: 10/14/2020

Assigned to: Magistrate Judge Jill L. Burkhardt

**Defendant (1)**

**Jose Alfredo Martinez**
*TERMINATED: 10/14/2020*
97419298

represented by **Patrick Q. Hall**
Law Offices of Patrick Q. Hall
501 West Broadway
Suite 730
San Diego, CA 92101
(619) 268−4040
Fax: (619) 268−4041
Email: pat@pqhlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level
(Terminated)**

None

**Complaints**

21:846; 21:846; 21:959, 18:2;
18:1956(h), 1956(a)(2)(A),
(a)(2)(B)(i); 21:848(a); 18:924(0) –
Conspiracy to Possess with the
Intent to Manufacture and Distribute
Methamphetamine; Conspiracy to
Possess with the Intent to Distribute
Cocaine; Manufacturing and
Distributing Methamphetamine,
Cocaine and Heroin Intending and
Knowing that Methamphetamine,
Cocaine and Heroin Will Be
Unlawfully Imported into the
United States and Aiding and
Abetting; Conspiracy to Commit
Money Laundering; Continuing
Criminal Enterprise; Conspiracy to
Possess Firearms in Furtherance of

**Disposition**

any Crime of Violence or Drug
Trafficking Crime

**Plaintiff**

**USA**                represented by   **U S Attorney CR**
U S Attorneys Office Southern District of
California
Criminal Division
880 Front Street
Room 6293
San Diego, CA 92101
(619)557–5610
Fax: (619)557–5917
Email: Efile.dkt.gc2@usdoj.gov
*TERMINATED: 09/21/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant United States
Attorney*

**Mehrdad Barikbin**
DOJ–USAO
880 South Front Street
San Diego, CA 92101
619–546–7344
Email: mehrdad.barikbin@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant United States
Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/17/2020 | | Arrest of Jose Alfredo Martinez (no document attached) (mxn) (Entered: 09/18/2020) |
| 09/18/2020 | 1 | OUT OF DISTRICT COMPLAINT as to Jose Alfredo Martinez. (Attachments: # 1 Info Sheet)(mxn) (Main Document 1 replaced on 9/21/2020) (sxa).SEALED OUT OF DISTRICT COMPLAINT as to Jose Alfredo Martinez. (Attachments: # 1 Info Sheet)(mxn) Modified on 9/21/2020 to unseal court per court order (sxa). (Entered: 09/18/2020) |
| 09/18/2020 | 2 | Set/Reset Duty Hearings as to Jose Alfredo Martinez: Initial Appearance – ODC set for 9/18/2020 before Magistrate Judge Jill L. Burkhardt. (no document attached) (lrc) (Entered: 09/18/2020) |
| 09/18/2020 | 3 | Minute Entry for proceedings held before Magistrate Judge Jill L. Burkhardt: Government oral motion to unseal the case is granted. Initial Appearance – Out of District Complaint as to Jose Alfredo Martinez held on 9/18/2020. The Court accepts oral proffer temporarily and provisionally appoints attorney Patrick Q. Hall(n/a) for Jose Alfredo Martinez. Financial Affidavit to be submitted. Government oral motion to detain (Flight). ( Detention Hearing – RF set for 9/22/2020 09:00 AM before Magistrate Judge Jill L. Burkhardt., Removal/ID Hearing set for 10/1/2020 09:00 AM before Magistrate Judge Jill L. Burkhardt.) (Sealed Clerk Notified) (CD# 9/18/2020 JLB 20–1:4:20–4:28). (Plaintiff Attorney Mehrdad Barikbin AUSA). (Defendant Attorney Armilla Staley–Ngomo FD–S/A). (no document attached) (aje) (Entered: 09/21/2020) |
| 09/18/2020 | 4 | ***English. No Interpreter needed as to Jose Alfredo Martinez (no document attached) (aje) (Entered: 09/21/2020) |
| 09/18/2020 | 5 | Oral MOTION to Detain (Flight)by USA as to Jose Alfredo Martinez. (no document attached) (aje) (Entered: 09/21/2020) |

| 09/21/2020 | 6 | NOTICE OF ATTORNEY APPEARANCE Mehrdad Barikbin appearing for USA. (Barikbin, Mehrdad)Attorney Mehrdad Barikbin added to party USA(pty:pla) (jcj). (Entered: 09/21/2020) |
|---|---|---|
| 09/22/2020 | 7 | Minute Entry for proceedings held before Magistrate Judge Jill L. Burkhardt: Detention Hearing Continued as to Jose Alfredo Martinez. Defense oral motion to continue hearing granted. Detention Hearing – RF continued to 9/24/2020 09:00 AM before Magistrate Judge Jill L. Burkhardt. (CD# 9/22/2020 JLB 20:10:01–10:03). (Plaintiff Attorney Patrick Swain, AUSA S/A). (Defendant Attorney Lauren Hofflin S/A). (no document attached) (als) (Entered: 09/23/2020) |
| 09/24/2020 | 8 | Minute Entry for proceedings held before Magistrate Judge Jill L. Burkhardt:Detention Hearing Continued as to Jose Alfredo Martinez. Defense oral motion to continue hearing granted. Detention Hearing – RF continued to 10/1/2020 09:00 AM before Magistrate Judge Jill L. Burkhardt. (CD# 9/24/2020 JLB 1110–1128). (Plaintiff Attorney Mehrdad Barikbin, AUAS). (Defendant Attorney Patrick Hall, CJA). (no document attached) (dls) (Entered: 09/25/2020) |
| 09/29/2020 | 9 | NOTICE OF CHANGE OF HEARING *JUDGE AND TIME* as to Defendant Jose Alfredo Martinez. Detention Hearing – RF set for 10/1/2020 09:30 AM before Magistrate Judge Andrew G. Schopler. Removal/ID Hearing set for 10/1/2020 09:30 AM before Magistrate Judge Andrew G. Schopler. (als) (Entered: 09/29/2020) |
| 09/30/2020 | 10 | NOTICE OF CHANGE OF HEARING as to Defendant Jose Alfredo Martinez. On the Court's own motion, the Detention Hearing (RF) and Removal/ID Hearing is reset for 10/1/2020 at 11:00 AM before Magistrate Judge Andrew G. Schopler.(yeb) (Entered: 09/30/2020) |
| 10/01/2020 | 11 | Minute Entry for proceedings held before Magistrate Judge Andrew G. Schopler: Removal/ID and Detention Hearing dontinued as to Jose Alfredo Martinez. Defense oral motion to continue the hearings granted. Removal/ID Hearing and Detention Hearing – RF continued to 10/6/2020 at 10:00 AM before Magistrate Judge Michael S. Berg. (CD# 10/1/2020 AGS 20:11:58–12:09). (Plaintiff Attorney Mehrdad Barikbin, AUSA). (Defendant Attorney Patrick Q. Hall, CJA). (no document attached) (yeb) (Entered: 10/05/2020) |
| 10/06/2020 | 12 | Minute Entry for proceedings held before Magistrate Judge Michael S. Berg:Detention Hearing as to Jose Alfredo Martinez held on 10/6/2020. Defendant consents to VTC. The Court denying 5 Motion to Detain as to Jose Alfredo Martinez (1). Bond is set in the amount of $100,000 P/S secured by the signatures of 2 related FRAs. Status Hearing re Removal as to Jose Alfredo Martinez held on 10/6/2020 ( Removal/ID Hearing continued to 10/13/2020 10:00 AM before Magistrate Judge Michael S. Berg. Status Hearing re: Financial Ability to Pay Attorney Fees set for 10/13/2020 10:00 AM before Magistrate Judge Michael S. Berg.). (CD# 10/6/2020 MSB20–1152–1212). (Plaintiff Attorney Katie Grammenidis, AUSA). (Defendant Attorney Patrick Hall, CJA). (no document attached) (mmr) (Entered: 10/07/2020) |
| 10/06/2020 | 13 | ORDER Setting Conditions of Release. Bond set for Jose Alfredo Martinez (1) $100,000.00 P/S secured by the signatures of 2 related FRAs. Signed by Magistrate Judge Michael S. Berg on 10/6/2020. (zda)(jrd) (Entered: 10/07/2020) |
| 10/08/2020 | 14 | TRANSCRIPT ORDER – For hearing(s) on October 6, 2020 (nxm) (Entered: 10/08/2020) |
| 10/12/2020 | 15 | WAIVER of Preliminary Hearing Rule 5.1 by Jose Alfredo Martinez (Hall, Patrick) (smd). (Entered: 10/12/2020) |
| 10/13/2020 | 16 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Jose Alfredo Martinez held on 10/6/2020 before Magistrate Judge Michael S. Berg. Court Reporter/Transcriber: Ellen L. Simone. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E–File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 11/3/2020. Redacted Transcript Deadline set for 11/13/2020. Release of Transcript Restriction set for 1/11/2021. (akr) (Entered: 10/13/2020) |

| 10/13/2020 | 17 | Minute Entry for proceedings held before Magistrate Judge Michael S. Berg:Removal/ID Hearing as to Jose Alfredo Martinez held on 10/13/2020. Defendant consents to appear by VTC. Defendant admits ID and waives Removal / ID hearing. Waiver filed. Court orders Defendant removed to the Eastern District of Texas. Court confirms appointment of counsel by oral prof; PROV Flag cleared. (CD# 10/13/2020 MSB20−1012−1015). (Plaintiff Attorney Katie Grammenidis, AUSA – S/A). (Defendant Attorney Patrick Hall, CJA). (no document attached) (mmr) (Entered: 10/13/2020) |
| 10/13/2020 | 18 | WARRANT of Removal to District of Eastern Texas Issued as to Jose Alfredo Martinez. (smd) (Entered: 10/14/2020) |
| 10/13/2020 | 20 | WAIVER of Rule 5 Hearings by Jose Alfredo Martinez (sjt) (Entered: 10/14/2020) |
| 10/14/2020 | 19 | NOTICE to Receiving District: (**Eastern District of Texas**), of Case Removal, as to Jose Alfredo Martinez. The following documents are available on the public docket: 13 Order Setting Conditions of Release (Pretrial Release Order), 15 Waiver of Preliminary Hearing Rule 5.1, 6 Notice of Attorney Appearance – USA, 14 Transcript Order. Additional documents will be sent via Email. To request additional transfer information and/or to submit acknowledgment re receipt of transfer, please email InterdistrictTransfer_CASD@casd.uscourts.gov.. (smd) (Entered: 10/14/2020) |

ORDERED UNSEALED on 09/18/2020   s/ SuzanneA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

### ARREST ON OUT-OF-DISTRICT OFFENSE

CASE NUMBER: _20MJ3996_

       The person charged as Jose Alfredo Martinez, a.k.a "Guero" "Pastas," now appears before this United States District Court for an initial appearance as a result of the following charges having been filed in the United States District Court for the Eastern District of Texas with: Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine in violation of 21 U.S.C. § 846, Conspiracy to Possess with the Intent to Distribute Cocaine in violation of 21 U.S.C. § 846, Manufacturing and Distributing Methamphetamine, Cocaine and Heroin Intending and Knowing that Methamphetamine, Cocaine and Heroin Will Be Unlawfully Imported into the United States and Aiding and Abetting in violation of 21 U.S.C. § 959 and 18 U.S.C. § 2, Conspiracy to Commit Money Laundering in violation of 18 U.S.C. §§1956(h), 1956(a)(2)(A) and (a)(2)(B)(i), Continuing Criminal Enterprise in violation of 21 U.S.C. §848(a), Conspiracy to Possess Firearms in Furtherance of any Crime of Violence or Drug Trafficking Crime in violation of 18 U.S.C. § 924(o).

       The charging documents and warrant for the arrest of the defendant which was issued by the above United States District Court are attached hereto.

       I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

       DATED: September 18, 2020

JONATHAN CHAN
Deputy U.S. Marshal
United States Marshals Service

Reviewed and Approved

Dated: September 18, 2020

MICHELLE M. PETTIT
Assistant United States Attorney

# DEFENDANT LOCATOR FORM

Name of Defendant: _____ Jose Alfredo Martinez _____ DOB: _____ _

Date of Arrest: _____ 17 SEP 20 _____ Time of Arrest: _____ 3:30pm _____

Arresting Agent/Agency: _____ DUSM Tony Gunn / US Marshals Service _____

Country of Citizenship: _____ U.S. _____ (If "Other", enter citizenship)

Immigration Status: _____ U.S.C. _____ (If "Other", enter status)

## MCC Information

Reservation no.: _____ or Window Time: _____

Date of Booking: _____ Booking Number: _____

## Other Booking Facility Information

### (GEO, CCA, Juvenile Hall, State or County facility)

Facility: _____ GEO _____ Arrival Date: _____ Temporary Stay: **Yes** or **No**

## Hospitalized Defendant Information

Name of Medical Center: _____

Date of Hospital Admittance: _____ Time: _____

Reason for Hospitalization: _____

_____

Expected Date of Discharge (Approx. if known) _____

ROBERT S. BREWER, JR.
United States Attorney
MEHRDAD BARIKBIN
Assistant United States Attorney
Pennsylvania Bar No. 306556
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7344
Mehrdad.Barikbin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 20-MJ-3996-JLB |
| Plaintiff, | |
| v. | NOTICE OF APPEARANCE |
| JOSE ALFREDO MARTINEZ, | |
| Defendant. | |

TO THE CLERK OF COURT AND ALL PARTIES OF RECORD

I, the undersigned attorney, enter my appearance as lead counsel for the United States in the above-captioned case. I certify that I am admitted to practice in this court or authorized to practice under CivLR 83.3.c.3-4.

The following government attorneys (who are admitted to practice in this court or authorized to practice under CivLR 83.3.c.3-4) are also associated with this case, should be listed as lead counsel for CM/ECF purposes, and should receive all Notices of Electronic Filings relating to activity in this case:

Name

None.

Effective this date, the following attorneys are no longer associated with this case

and should <u>not</u> receive any further Notices of Electronic Filings relating to activity in this case (if the generic "U.S. Attorney CR" is still listed as active in this case in CM/ECF, please terminate this association):

      <u>Name</u>

      None.

Please feel free to call me if you have any questions about this notice.


DATED: September 21, 2020

                         Respectfully submitted,

                         ROBERT S. BREWER, JR.
                         United States Attorney


                         *s/ Mehrdad Barikbin*
                         MEHRDAD BARIKBIN
                         Assistant United States Attorney
                         Attorneys for Plaintiff
                         United States of America

(22)

# UNITED STATES DISTRICT COURT

for the Southern District of California

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Jose Alfredo Martinez | ) Case No. 3:20-mj-03996-JLB |
| *Defendant* | |

## PRETRIAL RELEASE ORDER

**FILED**

OCT **0 6** 2020

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IT IS ORDERED that the defendant's release is subject to these conditions:

### Mandatory Conditions

(1) The defendant must not violate federal, state, or local law during the period of release.
(2) The defendant must cooperate in the collection of a DNA sample as authorized by 42 U.S.C. § 14135a.

### Standard Conditions
#### *(Each Standard Condition applies, unless stricken.)*

(3) The defendant must appear in court as ordered and surrender as directed to serve any sentence.
(4) The defendant must not possess or attempt to possess a firearm, destructive device, or other dangerous weapon. The defendant must legally transfer all firearms, as directed by Pretrial Services.
(5) The defendant must not use or possess a narcotic drug or other controlled substance without a lawful medical prescription. The defendant must not use or possess marijuana under any circumstances.
(6) The defendant must report to the U.S. Pretrial Services Office (telephone (619) 557-5738) on the day of the initial court appearance or within 24 hours of the defendant's release from custody, whichever is later. Throughout this case, the defendant must report as directed by the Pretrial Services Office and follow all directions of the Pretrial Services Office.
(7) The defendant must advise the Court or the Pretrial Services Office in writing of: (1) the defendant's current residence address and phone number, when first reporting to Pretrial Services; and (2) any new contact information, before making any change of residence or phone number.
(8) The defendant must read this Pretrial Release Order and the "Advice of Penalties and Sanctions" form, or have them read to the defendant in the defendant's native language. The defendant must acknowledge the defendant's understanding of all the pretrial release conditions and the penalties and sanctions for any violations, by signing the "Advice of Penalties and Sanctions" form.
(9) Restrict travel to: ☒ San Diego County   ☒ Imperial County   ☐ State of California
☐ Orange County and Los Angeles County
☒ CDCA (L.A., Orange, Riverside, San Bernardino, S.L.O., Santa Barbara, Ventura)
☒ Do not enter Mexico   ☒ **Other Travel Restriction: Travel may be expanded within the State of California is at the discretion of PTS. All travel outside SDCA is at the expense of defendant.**
☒ Texas

### Additional Conditions

(10) ☐ (a) The defendant is released on personal recognizance.
☒ (b) The defendant must execute an appearance bond in the amount of $ *100,000,—* that is:
☐ Unsecured. Defendant's own signature.
☒ Secured, as set forth below. The Court finds that an unsecured bond will not reasonably assure the defendant's appearance as required and/or will endanger the safety of another person or the community.
Security: ☒ The co-signatures of *2* financially responsible (and related) adults or _____.
☐ A cash deposit with the Court of $ _____.
☐ A trust deed to the United States on real property approved by a federal judge.
☐ A cash bond and/or a bail bond by an approved, solvent corporate surety. A corporate bail bond must cover all conditions of release, not just appearances.
☐ Other: _____.
Hearing: ☐ Surety examination   ☐ Nebbia hearing (bail source hearing)
(11) ☐ 18 U.S.C. § 3142(d) hold until _____; if no detainer is lodged by then, these conditions take effect.

(12) The defendant must:

☒ (a) actively seek or continue full-time employment, or schooling, or a combination of both.

☒ (b) reside (☒) with a family member, surety, or _____, or

(☒) at a residence approved by the Pretrial Services Office, including any contract facility.

☐ (c) surrender any valid passport to the Pretrial Services Office and not obtain a passport or other international travel document.

☐ (d) clear all warrants/FTAs and pay all fines within 90 days of release or as directed by the Pretrial Services Office.

☐ (e) submit to psychological/psychiatric treatment at Pretrial Services' discretion.

☒ (f) submit to drug/alcohol testing no more than _4_ times per month and/or outpatient substance abuse therapy and counseling, as directed by the Pretrial Services Office. Testing may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Pretrial Services need not notify the Court of test results attributed to residual elimination.

☐ (g) take two drug tests. If both tests are negative (or show only residual elimination of marijuana), no further testing is authorized.

☐ (h) not use alcohol at all.

☐ (i) not have a blood alcohol content (BAC) of .08% or more.

☐ (j) participate in and complete a program of inpatient substance abuse therapy and counseling, as directed by the Pretrial Services Office.

☐ (k) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _____

☐ (l) participate in the Location Monitoring Program and comply with its requirements as directed under the following component and technology:

    ☐ (i) **Curfew.** You are restricted to your residence (☐) every day from _____ to _____, or (☐) as directed by the pretrial services office or supervising officer.

    ☐ (ii) **Home Detention.** You are restricted to your residence at all times except for Pretrial Services-approved absences for: employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; Court-ordered obligations; or other activities.

    ☐ (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for Court-approved absences for medical necessities, court appearances, or other activities.

    Technology: ☐ PTS Discretion ☐ GPS ☐ Radio Frequency ☐ Smart Link ☐ Voice Recognition

    ☐ You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services officer.

    ☐ Defense counsel must notify Pretrial Services upon submission of bond paperwork; defendant to be released from custody to Pretrial Services the following business day by 10:00 a.m. and Pretrial Services to transport if needed.

☐ (m) return to custody each _____ at _____ AM/PM after being released at _____ AM/PM for employment, schooling, or the following purposes: _____

☐ (n) remain in the custody of _____, who will supervise the defendant and notify the Court immediately if the defendant violates any conditions of release.

☐ (o) not drive a vehicle without a valid U.S. driver license and current insurance.

☐ (p) Pretrial Services may disclose confidential information to third parties for the purposes of securing community resources.

☐ (q) **Adam Walsh Act:** See attached Addendum for additional conditions.

☐ (r) Other conditions: _____

(13) ☐ All conditions previously set will remain the same.

Dated: 10/6/2020

Honorable Michael S. Berg
United States Magistrate Judge

| UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA | **TRANSCRIPT ORDER** Please use one form per case *Please read instructions on next page* | COURT USE ONLY **DUE DATE:** |
|---|---|---|

| **1a.** CONTACT PERSON FOR THIS ORDER | **2a.** CONTACT PHONE NUMBER | **3a.** CONTACT EMAIL ADDRESS |
|---|---|---|
| KEARY CONRAD | 903-209-4182 | KEARY_CONRAD@TXED.USCOURTS.GOV |
| **1b.** ATTORNEY NAME (if different) | **2b.** ATTORNEY PHONE NUMBER | **3b.** ATTORNEY EMAIL ADDRESS |
| | | |

| **4.** MAILING ADDRESS (INCLUDE LAW FIRM NAME, IF APPLICABLE) PAUL BROWN FEDERAL COURTHOUSE 101 EAST PECAN STREET SHERMAN, TEXAS 75090 | **5.** CASE NAME USA V. JOSE MARTINEZ | **6.** CASE NUMBER 3:20MJ3996 |
|---|---|---|

**7.** TRANSCRIPT(S) REQUESTED (Specify portion(s) and date(s) of proceeding(s) for which transcript is requested), format(s) & quantity and delivery type:

**a.** HEARING(S) (OR PORTIONS OF HEARINGS)

**b.** SELECT FORMAT(S) *(NOTE: ECF access is included with purchase of PDF, text, paper or condensed.)*

**c.** DELIVERY TYPE (Choose one per line)

| DATE | JUDGE (initials) | TYPE (e.g CMC) | PORTION If requesting less than full hearing, specify portion (e.g. witness or time) | PDF (email) | TEXT/ASCII (email) | PAPER | CONDENSED (email) | CM/ECF ACCESS (web) | CD ($31) | ORDINARY (30-day $3.65 pp) | 14-DAY ($4.25 pp) | EXPEDITED (7-day $4.85 pp) | 3-DAY ($5.45 pp) | DAILY (Next Day $6.05 pp) | HOURLY (2 hrs $7.25 pp) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/6/2020 | BERG | | DETENTION HRG | ◉ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ◉ | ○ | ○ | ○ |
| | | | | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| | | | | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| | | | | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| | | | | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |
| | | | | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ | ○ |

**8.** ADDITIONAL COMMENTS, INSTRUCTIONS, QUESTIONS, DCN #, ETC.

THIS TRANSCRIPT REQUEST IS FOR UNITED STATES DISTRICT JUDGE AMOS L. MAZZANT, EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION

ORDER & CERTIFICATION (9. & 10.) By signing below, I certify that I will pay all charges (deposit plus additional).
**9.** SIGNATURE

**10.** DATE
10/7/2020

| INSTRUCTIONS |
| --- |

Use this form to order the transcription of a record of proceedings.

1. Complete a separate order form for each case number for which transcripts are ordered.

2. Complete Items 1-10. Keep a copy of your completed order form for your records.

3. E-file this form in the U.S. District Court CM/ECF system. *Exceptions to e-filing:* (a) sealed cases/proceedings; (b) non-parties; (c) pro se parties who are not e-filers.

4. Next, the court reporter/supervisor will contact you to confirm estimated costs and delivery options. Deliver payment to the court reporter/supervisor promptly. Upon receipt of the deposit, the transcriber will begin work on the transcript.

5. Unless prepayment is waived, delivery time is computed from the date the transcriber receives the deposit, authorized CJA 24 Form, authorization from Federal Public Defender's Office or, for transcripts ordered by the U.S. government, from the date of receipt of the DCN number.

6. The deposit fee is an estimate. Any overage will be refunded; any shortage will be due from you.

### ITEM-BY-ITEM INSTRUCTIONS (ITEMS 1-10):

Items 1-3: In fields 1a, 2a & 3a, please provide the contact name and information for the person responsible for ordering the transcript. In a law office, this is usually a paralegal or administrative assistant, not the attorney. In fields 1b, 2b & 3b, provide the attorney name and contact info, if the attorney is not the contact person.

Items 5-6: Only one case number may be listed per order.

Item 7a: List specific date(s) of the proceedings for which transcript is requested. A transcript of only a portion of a proceeding may be ordered, if the description is clearly written to facilitate processing. Under "type," indicate briefly what type of proceeding it was, such as "motion," "sentencing," or "CMC."

Item 7b: Select desired FORMAT(S) for transcript. There is an additional charge for each format ordered. Visit cand.uscourts.gov/transcripts/rates for details. Unlock ECF/web access is included at no extra charge with each of the other formats.

Item 7c: There are 7 DELIVERY TYPES to choose from (times are computed from date of receipt of the deposit fee or DCN number). NOTE: Full price may be charged only if the transcript is delivered within the required time frame. For example, if an order for expedited transcript is not completed and delivered within 7 calendar days, the 14-day delivery rate would be charged.

TRANSCRIPT DELIVERY TIMES:
- ORDINARY - 30 calendar days.
- 14-DAY - 14 calendar days.
- EXPEDITED - 7 calendar days.
- 3-DAY - 3 calendar days
- DAILY (NEXT DAY) - Following adjournment and prior to the normal opening hour of the court on the following morning whether or not it actually is a court day.
- HOURLY (SAME DAY) - within two (2) hours.

Item 9: Sign in this space to certify that you will pay all charges (the deposit plus any additional charges.) An electronic or conformed (/s/) signature is acceptable.

Item 10: Enter the date of signing the order and certification.

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 19MJ3996 |
| JOSE ALFREDO MARTINEZ | ) | |
| | ) | Charging District's Case No. 19CR00277 |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* Eastern District of Texas

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise —
        unless I am indicted — to determine whether there is probable cause to believe that an offense has
        been committed;

(5)     a hearing on any motion by the government for detention;

(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐     an identity hearing and production of the warrant.

☐     a preliminary hearing.

☐     a detention hearing.

☑     an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may
       be entitled in this district.  I request that those hearings be held in the prosecuting district, at a time set
       by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are
pending against me.

Date:   9-21-20

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Southern District of California

**FILED**

OCT 13 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 19MJ3996 |
| JOSE ALFREDO MARTINEZ | ) | |
| | ) | Charging District's Case No. 19CR00277 |
| _____ *Defendant* | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* Eastern District of Texas

I have been informed of the charges and of my rights to:

(1)   retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)   an identity hearing to determine whether I am the person named in the charges;

(3)   production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)   a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise —
unless I am indicted — to determine whether there is probable cause to believe that an offense has
been committed;

(5)   a hearing on any motion by the government for detention;

(6)   request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐   an identity hearing and production of the warrant.

☐   a preliminary hearing.

☐   a detention hearing.

☑   an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may
be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set
by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are
pending against me.

Date:  9-21-20

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Magistrate Case No. 20MJ3996** |
| v. | **WARRANT OF REMOVAL** |
| **JOSE ALFREDO MARTINEZ** | **(After Waiver of Hearing)** |

**To: United States Marshal**

An indictment having been filed in the Eastern District of Texas, charging defendant **JOSE ALFREDO MARTINEZ** with conspiracy to possess with the intent to manufacture and distribute methamphetamine, in violation of Title 21, United States Code, Section 846; Conspiracy to possess with the intent to distribute cocaine in violation of Title 21, United States Code, Section 846; Manufacturing and distributing methamphetamine, cocaine and heroin intending and knowing that methamphetamine, cocaine and heroin will be unlawfully imported into the United States and Aiding and Abetting in violation of Title 21, United States Code, Sections 956 and 2; Conspiracy to commit money laundering in violation of Title 18 United States Code, Section 1956; Conspiracy to Possess with the intent to distribute heroin in violation of Title 21 United States Code Section 846; Continuing Criminal Enterprise in violation of title 21, United States Code, Section 848; and Conspiracy to possess firearms in furtherance of any crime of violence or drug trafficking crime in violation of Title 18, United States Code, Section 924, and the above-named defendant having been arrested in this district and, after waiving hearing pursuant to Federal Rules of Criminal Procedure 5(c) and 5.1(a), having been committed by a United States Magistrate Judge to your custody pending his removal to that district,

You are hereby commanded to commit the above-named defendant forthwith to the Eastern District of Texas and there deliver him to the United States Marshal for that district or to some other officer authorized to receive him.

**HON. MICHAEL S. BERG**
**United States Magistrate Judge**

Dated at San Diego, California, this 13th day of October, 2020.

## RETURN

Eastern District of Texas                                    ss

Received the within warrant of removal the _____ day of _____, 2020, and executed same.

2020 OCT 14 AM 8:51

_____
U. S. Marshal

By _____
Deputy Marshal

1             UNITED STATES DISTRICT COURT

2           SOUTHERN DISTRICT OF CALIFORNIA

3       Before The Honorable MICHAEL S. BERG, Magistrate Judge

4

5  UNITED STATES OF AMERICA,     )
                               )

6              Plaintiff,    )   CASE NO.
                               ) 3:20-mj-3996

7    VS.                     )
                               )

8  JOSE ALFREDO MARTINEZ,       )
                               )

9             Defendant.    )
  ——————————————————————————————)

10                       San Diego, California
                       Tuesday, October 6, 2020

11

12      TRANSCRIPT OF OFFICIAL ELECTRONIC SOUND RECORDING
                  OF PROCEEDINGS

13

14       Liberty Court Player 11:52a.m.-12:12 p.m.

15  APPEARANCES:

16  For Plaintiff:   UNITED STATES ATTORNEY'S OFFICE
                  880 Front Street

17                  San Diego, California 92101
                  BY: KATIE GRAMMENIDIS

18                     ASSISTANT UNITED STATES ATTORNEY

19

20  For Defendant:   LAW OFFICES OF PATRICK Q. HALL
                  501 West Broadway, Suite 730

21                  San Diego, California  92101
                  BY: PATRICK Q. HALL

22                     ATTORNEY AT LAW

23

24

25  Transcribed By:  Ellen L. Simone

1          (Proceedings begin at 11:52 a.m.)

2          THE CLERK:  Calling matter 22.  20-mj-3996.  United

3     States v. Jose Alfredo Martinez.

4          MR. HALL:  Good morning, Your Honor.  Patrick Hall on

5     behalf of Mr. Martinez, who is present on video conference.

6     He's agreeing to proceed by way of video conference today.

7          THE COURT:  Is that correct, sir?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Okay.

10         MR. HALL:  Your Honor, this is -- if I can give you a

11    preview.  This has been set for a removal hearing and detention

12    hearing a couple of times.  We've started the detention hearing

13    in front of Magistrate Judge Burkhardt.

14         There was an issue that came up about a video that

15    they had received information from Texas about him taunting.

16         I've talked to Mr. Barikbin about it, and I believe

17    that they've confirmed that that was not him in that video.

18         THE COURT:  Taunting?

19         MR. HALL:  There was a video posted where there was an

20    issue about him taunting the DEA.  That came up in the middle

21    of it.  And so we disputed that that was him.  But we've since

22    seen a video.  It's not him, and so that's why the reason --

23    that's one of the reasons it got continued.

24         The second was there was -- it's a Title III case out

25    of the Eastern District of Texas.  We requested the wiretap

affidavit from the orders.  Those were provided to me about 10
minutes before the last hearing, and so I asked for some time
to review those.  We've now had a chance to review it, and
we're ready to proceed with the detention hearing.

He's prepared to stipulate to removal and stipulate to
identity, but I'd simply ask that the Court maintain
jurisdiction so that, if Your Honor agrees that bond should be
set in this case, that we can set bond.

THE COURT:  Okay.  Was there a bail -- pretrial -- I'm
sorry -- a bail packet put together on him?

PRETRIAL SERVICES:  Your Honor, this matter was set
for a removal hearing.  I have asked my office to send me a
copy of the report (inaudible) to your CRD.

THE COURT:  Okay.  Will you have it this morning?

PRETRIAL SERVICES:  Yes.

THE COURT:  Okay.

MR. HALL:  Your Honor, I think I may have an extra
report here.

MS. GRAMMENIDIS:  Your Honor, I think I have a copy of
the pretrial services report if you would --

THE COURT:  Sure.  That would be great.

MS. GRAMMENIDIS:  I don't know if it's the most
updated version but --

THE COURT:  That's okay.  Just anything, because I
don't have any information on it at all.  Okay?

1      What would you like to say, Ms. Grammenidis?

2      MS. GRAMMENIDIS:  I apologize, Your Honor.  What was

3   that?

4      THE COURT:  Oh.  Did you have anything -- did you want

5   to proceed on detention, or were you willing to stipulate to a

6   bond?

7      MS. GRAMMENIDIS:  We'd like to proceed on detention,

8   Your Honor.

9      THE COURT:  Look how mean they are.

10      MS. GRAMMENIDIS:  I know.

11      THE COURT:  You don't have to get it.  Thank you,

12   though.  I appreciate it.

13      Okay.  Go ahead.  I'm only teasing you.

14      MS. GRAMMENIDIS:  So the U.S. is requesting detention

15   of the defendant based on both risk of flight and danger to the

16   community.

17      As defense counsel has already pointed out, this case

18   is coming from the Eastern District of Texas, and there was a

19   warrant for his arrest -- for the defendant's arrest dated

20   July 8th, 2020.

21      The charges in this case are quite serious.  So he has

22   been charged with conspiracy to possess with intent to

23   manufacture and distribute meth and cocaine; conspiracy to

24   manufacture and distribute cocaine and heroin and meth; money

25   laundering; continuing a criminal enterprise; and conspiracy to

1    commit -- or conspiracy to possess firearms in furtherance of

2    any crime of violence or drug trafficking crime.

3           The first conspiracy charge alone carries a mandatory

4    minimum of 10 years.  This means that it is a presumption case,

5    as Your Honor well knows, so there is a rebuttable presumption

6    that the defendant should be detained.  It is the government's

7    position that the weight of the factors in this case do not

8    significantly rebut this presumption and that detention is

9    appropriate.

10           In this case, the weight of the evidence is quite

11    strong.  As Your Honor knows, this is the factor that is given

12    the least weight; however, as defense counsel has already

13    noted, there are Title III wiretaps in this case, and there are

14    also pictures in this case that are quite strong evidence

15    against the defendant.

16           Furthermore, the defendant was found with fentanyl

17    when he was crossing into the United States border.  That is

18    how the defendant was arrested and currently detained.

19           There are some concerns with social media.  There were

20    at least two videos on his social media with firearms.

21           Furthermore, page 9 of the discovery shows a firearm

22    in that picture.

23           And page 11 of the discovery shows the defendant's

24    danger to the community.  I am going to not state the first

25    part of that -- the page 11 discovery, but I will state the

```
 1  last sentence, just so I don't have to say swear words on the

 2  record.

 3              THE COURT:  Oh, you can.  I've heard them all, I

 4  promise you.

 5              MS. GRAMMENIDIS:  Well, if you would like, I can say

 6  the whole thing.

 7              THE COURT:  You're not going to offend me,

 8  Ms. Grammenidis, I promise you.

 9              MS. GRAMMENIDIS:  All right.

10              THE COURT:  Regardless of what you say, it won't

11  offend me.

12              MS. GRAMMENIDIS:  All right.  I will redact out the N

13  word.

14              "All you fuck N word keep talking about that rat and

15  keep praising that fuck shit.  I'm still on my T-Grizzly shit

16  LLLL!!!  Kill me if I snitch because if you know -- because --

17  kill me if I snitch because if you snitch .... you know the

18  rest."

19              Again, this appears to be from the defendant's social

20  media.

21              Moreover, the defendant's residence is actually quite

22  unclear to me.  My understanding is that the law enforcement

23  agents believe that the defendant had fled to Mexico and had

24  been there for the past few months.

25              Defendant's statements to CBP indicated that he was
```

1   residing in California; however, to pretrial services, he

2   stated that he had been living in Texas for the last seven

3   years.

4        The defendant's statements are not necessarily

5   consistent with his brother's as well when it comes to his drug

6   abuse issues.  Defendant's brother said the defendant has a

7   heroin problem, but the defendant only admitted to marijuana

8   use to pretrial services.

9        The defendant is unemployed.

10       The defendant's criminal history is not extensive;

11  however, it does include a 2016 charge related a firearm, and

12  there appears to be a 2016 theft of a firearm charge which was

13  diverted.

14       Based on the foregoing and the maximum penalties that

15  the defendant is facing, there's a significant incentive to

16  flee.

17       It does not appear that there is a condition that

18  would set -- conditions that can reasonably assure the

19  appearance of the defendant; therefore, the U.S. is requesting

20  that the defendant be detained without bond.

21       Thank you, Your Honor.

22       THE COURT:  Thank you.

23       Okay, Mr. Hall.  Are you retained or appointed?

24       MR. HALL:  I am appointed at this point, Your Honor.

25       THE COURT:  Did you -- did we also need to get an oral

1  proffer from you about your --

2          MR. HALL:  I believe that --

3          THE COURT:  Because I'm looking.  It looks like he has

4  the ability to retain counsel based on his assets.

5          MR. HALL:  He -- he does, Your Honor.  I, frankly, am

6  not prepared for that today.

7          At this point, given --

8          THE COURT:  Why don't I -- why don't we do this then,

9  before you proceed on your proffer -- I mean, on your -- on

10  bail.  I just want to indicate that at the next hearing -- I'm

11  going to continue the ID hearing.  At the next hearing, I'm

12  going to have you make a proffer regarding status, and I might

13  set it for repayment of some fees for court counsel.

14          MR. HALL:  Understood, Your Honor.

15          THE COURT:  Because I know it's difficult for him to

16  arrange it as he sits there.

17          MR. HALL:  Yes.  I appreciate that, Your Honor.

18          THE COURT:  Okay.  So go ahead with --

19          MR. HALL:  I apologize for not getting that.

20          THE COURT:  Go ahead with regard to bond then.

21          MR. HALL:  Your Honor, Mr. Martinez is 32.  He's a

22  United States citizen.  He was born in Northridge, California.

23  He's lived all his life in the United States.

24          He has three siblings; a Jose Luis, a Yesenia, and

25  Rafael, all Martinez.  They all reside in Grand Prairie.

1    He had been residing with his sister, Yesenia, in

2  Grand Prairie.  And if he is to be released on bond, it would

3  be his intention to either live with his sister, Yesenia, or

4  his uncle, Hector, who lives in Montclair.

5          THE COURT:  So he was -- those are in Texas, right?

6          MR. HALL:  He was living in Texas.

7          And so, Your Honor, he's from -- he has a godfather in

8  Durango, Mexico.  He went to visit the godfather, and then he

9  returned back to the United States.

10          THE COURT:  Through San Ysidro?

11          MR. HALL:  Through San Ysidro.  He was arrested at the

12  San Ysidro Port of Entry.

13          Prior to returning, he contacted an attorney in Dallas

14  by the name of Russell Wilson, who I have communicated with.  I

15  gave Mr. Barikbin a copy of the email response I got, but that

16  email, in fact, confirms -- and I have a copy here for Your

17  Honor --

18          THE COURT:  That's okay.  I take your word on it.

19          MR. HALL:  But it basically says, "I can confirm

20  Mr. Martinez did contact me regarding representation in this

21  case, and I advised him that I represent one of the 50 plus

22  alleged coconspirators.  That there was a potential conflict of

23  interest."

24          So this occurred before he returned back into the

25  United States.  So at the time he was coming back into the

1  United States from Mexico, he was aware that there was a case

2  pending.  He had contacted an attorney in Dallas for

3  representation.  That had not been successful.

4       We also contacted his Uncle Hector Martinez and

5  interviewed him.  This is the uncle that lives in Montclair.

6       And so he had told the uncle that he was coming back

7  to the United States to address a problem.  He had, in fact,

8  asked the uncle for a ride from the Tijuana airport back into

9  the United States.  The uncle couldn't give it to him.  But the

10  uncle confirmed to us that he did communicate with him about

11  his intention to return back to the United States.

12       And so we believe that this refutes some of the

13  allegations with respect to flight risk.

14       THE COURT:  So if he were released, he'd go back to

15  Texas, live there, then come back here to admit identity, and

16  then go back to Texas to face the charges.

17       MR. HALL:  If he were, or we would stipulate.  I can

18  certainly file the waiver of the preliminary hearing for him.

19  I'm not -- frankly, I'm not sure if we can do that without his

20  presence here.

21       THE COURT:  I think he'd have to be -- well, not to

22  the preliminary hearing, but I think he'd have to be here to

23  admit identity.  I don't think he could do that by stipulation.

24       MR. HALL:  Then he would --

25       THE COURT:  Right, Lea?

Case 3:18-cr-03677-WQH Document 66-4 Filed 08/15/2023 PageID.2365 Page 27 of 50 Page 144
4272

1          THE LAW CLERK:  Well, he can file -- so I think the

2   waiver itself, you can -- you can -- I believe he can sign --

3   Mr. Hill can sign, and then do an attestation, or we can just

4   ask him on the record if he agrees to it.

5          THE COURT:  Okay.  Well, we'll deal with that in a

6   minute.

7          MR. HALL:  Your Honor, let me get to what I would

8   propose.

9          Your Honor, I'm loathe to recommend a bond much higher

10  than what pretrial services does, but in this instance, I think

11  that it's appropriate for several reasons.

12         First, we're recommending a $250,000 bond fully

13  secured by two properties.

14         The two properties would be a house owned by his Uncle

15  Hector, which is in Montclair, California.  It has -- I believe

16  it has equity in it of approximately 189,000.

17         The second house is his father's house, Alfredo

18  Martinez, who resides in El Paso, Texas.  He owns the house

19  free and clear.  It has an equity of approximately 89,000.

20         And so if we were to come back before Your Honor, it

21  would take us some time to get those appraisals and get back

22  with that paperwork to you, and so I would anticipate that will

23  take us probably the better part of a week, if not possibly

24  longer.  We've already started some of that process.

25         But we are proposing that trust deeds be placed on

1    both of those properties in the total amount of $250,000 signed

2    by both his father and his uncle.  That he could reside in

3    California, in Montclair, I think, just for convenience so that

4    he can get back here for an identity hearing.

5              THE COURT:  Is that the Central District?

6              MR. HALL:  Montclair is in the Central District, Your

7    Honor, I believe.

8              And so I'd like to address a couple of the other

9    things.

10             One is the comment to the -- the quote that counsel

11   has given is a -- something is an Instagram post posted on his

12   account by somebody else.  Those are actually lyrics to a

13   rapper by the name of T-Grizzly.  And so those comments are not

14   his comments, those are not his words, and someone else posted

15   it on his site.

16             Two, I would point out that, although there is a Title

17   III investigation in this case, after having received the order

18   and the applications, his name is not referenced as one of the

19   targets of the investigation.

20             And so, as Your Honor knows, that typically, if you're

21   the bigwig in the investigation, your name sometimes -- or

22   frequently appears on the top of those wiretap applications,

23   and there's -- your phone is the target telephone.

24             I would also note for Your Honor that -- that,

25   frankly, counsel left out the most serious charge here.  He's

Case 4:09-cr-00043-ALM Document 6604 Filed 01/03/2007 Page 29 of 50 PageID 4200
4274

1  charged with a CCE, and it's a continuing criminal enterprise

2  which carries with it a mandatory minimum.

3       I point that out to Your Honor -- and I don't know if

4  Your Honor has a copy of that indictment in front of you, but

5  it's an extremely unusual indictment.

6       First of all, Mr. Martinez is listed as Defendant

7  No. 21 in the indictment, and as counsel from Texas has noted,

8  there's over 50 defendants in this case.

9       Number 2, when you look at Count Eight, which is the

10  CCE, there's -- the document that's been provided to us carries

11  a number of black spaces in it.  And if you look at it, it

12  appears -- from just looking at it, it looks like there are

13  seven individuals that are all charged with the continuing

14  criminal enterprise, and Mr. Martinez is Defendant No. 6 of

15  those seven black spots.

16       And I submit to Your Honor, having -- knowing Your

17  Honor's background, it just -- it just suggests that the weight

18  of the evidence is perhaps not as strong as counsel has

19  represented, that this suggests that they're saying that there

20  are seven different individuals who were the organizers,

21  supervisors, and it just readily suggests that it's a

22  defensible allegation.

23       And so absent evidence of the nature of their evidence

24  before Your Honor, I would say that there's no evidence, other

25  than the indictment and probable cause, notwithstanding that

```
 1    that's the least important factor.

 2            Finally, I would note for Your Honor that we have

 3    obtained documentation from the attorney that represented him

 4    in connection with the case in Texas.  It's referenced as the

 5    deferred adjudication, and he's on probation.

 6            And I would represent to the Court that I have in

 7    front of me an order dated September 12th, 2018, in which all

 8    charges were dismissed and deferred as adjudication proceedings

 9    were dismissed.

10            So he's not currently on probation, and he

11    successfully completed the probation that was attendant to the

12    deferred adjudication proceedings that were in Texas.

13            And I think that that suggests that he's no longer a

14    danger, and he's certainly not a flight risk.  He obeys court

15    orders.

16            And so I'd ask Your Honor to set bond in this case.

17    Notwithstanding it's a serious case, I think that he's refuted

18    the allegation that he is a flight risk by his coming to the

19    border.

20            We would also -- and just for the record, we would

21    dispute that that was fentanyl that was in his possession.

22    That was something that was given to him by his uncle, and he

23    disputes that it's fentanyl.  And it would be fool-hearted for

24    him to be coming back into the United States, knowing that

25    there's a charge against him, knowing that he's likely to get
```

1   arrested, and then to have fentanyl in his possession at the
2   same time.
3           So for those reasons, Your Honor, I think that there
4   are conditions that can be set that would assure his
5   appearance.
6           And he intends to fight this case, as we noted here.
7           I believe that these conditions, with a full trust
8   deed, both his -- his uncle and his father, fully secured,
9   would assure that he would make his appearances in Texas.
10          THE COURT:  Okay.  Anything further?
11          MS. GRAMMENIDIS:  Two things, Your Honor.
12          First, I just want to point out for the Court that the
13  defendant is mentioned in multiple counts of the superceding
14  indictment; however, defense counsel is correct that much of
15  the indictment paperwork that we have has been redacted.
16          And second, if the Court does decide to grant bond, we
17  will be asking for a stay.
18          THE COURT:  Based on what?
19          MS. GRAMMENIDIS:  It's based on -- so that Texas can
20  appeal, and I think they'd have to bring it into their district
21  court.
22          THE COURT:  Okay.  I am going to grant bond in this
23  matter.  I do believe there are condition or combination of
24  conditions I can set that will reasonably assure his
25  appearance.

Case 4:18-cr-00070-DCN Document 666-4 Filed 06/05/2023 Page 32 of 50 Page ID #4203
4277

     1          I will expand travel to the Central District.  I will

     2    expand travel to the State of Texas.

     3          I will set an appearance bond in the amount of

     4    $100,000 secured by the co-signatures of two financially and

     5    related adults.

     6          If he is released, he is to actively seek and maintain

     7    full-time employment, schooling, or a combination.

     8          He's to reside with a family member or surety at a

     9    residence approved by pretrial services.

    10          And he's to submit to drug testing no more than four

    11    times per month.

    12          As far as the admission as to ID, I'm just trying to

    13    think if it makes better sense now to just continue that or to

    14    take the admission now and set it over?

    15          MS. GRAMMENIDIS:  I mean, on our end, it doesn't

    16    really make a difference.

    17          THE COURT:  Right.  I'm just trying to figure out --

    18          MS. GRAMMENIDIS:  But administratively, like Lea was

    19    mentioning on that other case --

    20          THE COURT:  Right.  No.  We've had that before.

    21          MS. GRAMMENIDIS:  -- it might be problematic, but I

    22    don't know what happens after.

    23          THE COURT:  Your call, Mr. Hall.

    24          MR. HALL:  Your Honor, he's prepared to admit today,

    25    but he's also prepared to come back to court whenever this is

Case 1:18-cr-00907-JDAND Document 666-4 Filed Entry ID 04/04/23 Page 33 of 50 Page ID 4204

```
 1   set.
 2           MS. GRAMMENIDIS:  I mean, if you're going to --
 3           THE COURT:  Do you have the warrant already prepared?
 4           MS. GRAMMENIDIS:  You have it there, actually.
 5           MR. HALL:  I believe that Mr. Barikbin submitted it
 6   yesterday.
 7           THE COURT:  How long would it take you to put the bond
 8   together?
 9           MR. HALL:  Given this, Your Honor, I think we could do
10   it -- today's -- I lose track of what day of the week we are
11   with COVID.
12           MS. GRAMMENIDIS:  Today is Tuesday.
13           MR. HALL:  Today is Tuesday?  I think by the end of
14   the week we might be able to post that.
15           THE LAW CLERK:  I think we do need a -- I think we
16   need something signed by you for that waiver with an
17   application for him waiving that --
18           MR. HALL:  There is -- there is a waiver form.  I'm
19   familiar with it.
20           THE LAW CLERK:  Okay.
21           MR. HALL:  And we could submit that in the interim.
22           THE COURT:  Why don't we just put this over.
23           THE LAW CLERK:  You do want to have a status hearing
24   anyway, so maybe --
25           THE COURT:  Let's just put it over.
```

Case 1:13-cr-00392-ABJ Document 666-4 Filed 10/31/2007 Page 33 of 50 PageID 4205
4279

```
 1            THE LAW CLERK:  Okay.  So we're in court on Thursday,

 2    if you want to hold -- if you want to do it Thursday.

 3            THE COURT:  I don't know if that gives him enough

 4    time.

 5            MR. HALL:  I don't think I could --

 6            THE COURT:  Let's do it next week, Tuesday or

 7    Thursday.

 8            THE LAW CLERK:  Tuesday we are in -- we are actually

 9    back at felony duty, so we could hear this.

10            I just don't -- I don't know that you want to give it

11    to another judge.

12            THE COURT:  Right.  No, no.  I understand.

13            THE LAW CLERK:  So Tuesday is the only other

14    opportunity we would have to do it.

15            THE COURT:  All right.  Let's hear it on Tuesday then.

16    Next week.  That would be --

17            THE LAW CLERK:  10:00 -- or, yeah, let's do 10:00.

18            THE COURT:  For removal hearing?

19            THE LAW CLERK:  Yeah.

20            THE COURT:  With the understanding that he's going to

21    be admitting ID?

22            MR. HALL:  Yes.

23            THE COURT:  And then --

24            THE LAW CLERK:  And status hearing, right?

25            THE COURT:  And status, if you get your bond paperwork
```

Case 4:13-cr-00902-DAB AND Document 666 Filed 02/13/2007 Page 35 of 50 Page ID 4206

```
 1 | together.
 2 |         I'm not going to stay the proceedings.  If Texas
 3 | wishes to do something in Texas, they can take it before a
 4 | district court judge in Texas and overrule me, but that's --
 5 | that's in Texas, so I'm not going to stay it.
 6 |         MS. GRAMMENIDIS:  I'll let them know.  Thank you, Your
 7 | Honor.
 8 |         THE COURT:  You're welcome.
 9 |         THE LAW CLERK:  So that will be 10/13 -- October 13 at
10 | 10:00.
11 |         THE COURT:  Okay, Mr. Martinez.  You've got an
12 | excellent lawyer here.  Listen to his advice.  Okay?
13 |         THE DEFENDANT:  Thank you, Your Honor.  I won't let
14 | you down.
15 |         THE COURT:  I hope you don't.  I'm taking a chance on
16 | you.
17 |         THE DEFENDANT:  Thank you, sir.  I appreciate it.  You
18 | have a blessed day.
19 |         THE COURT:  You're welcome.  Have a good day, sir.
20 | Stay safe in there.
21 |         THE DEFENDANT:  Thank you.
22 |         THE COURT:  Thank you, Mr. Hall.
23 |         MR. HALL:  Thank you, Your Honor.
24 |         (Proceedings adjourned at 12:12 p.m.)
25 |
```

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcription, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Southern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

DATE:  October 11, 2020

_____/s/ Ellen L. Simone_____

Ellen L. Simone, RMR, CRR
Official Court Reporter

# EXHIBIT "B"

LOG IN

# Los Angeles Times

ADVERTISEMENT

CALIFORNIA

# Dozens of inmates test positive for virus at San Diego federal jail, defense attorneys say

By continuing to use our site, you agree to our Terms of Service and Privacy Policy. You can learn more about how we use cookies by reviewing our Privacy Policy. Close 

LIMITED-TIME OFFER

FREEDOM OF THE PRESS EVENT

$4 GETS YOU 4 MONTHS



SUBSCRIBE

By continuing to use our site, you agree to our Terms of Service and Privacy Policy. You can learn more about how we use cookies by reviewing our Privacy Policy. Close

LIMITED-TIME OFFER

FREEDOM OF THE PRESS EVENT

$4 GETS YOU 4 MONTHS

11/2/2020 Dozens of inmates test positive for COVID-19 at San Diego jail - Los Angeles Times

SUBSCRIBE

NOV. 1, 2020 | 8:51 AM



SAN DIEGO — At least 56 inmates tested positive for the coronavirus last week at a privately run federal jail in downtown San Diego that houses mostly pretrial inmates, according to defense attorneys briefed on the matter.

GEO Group, which contracts with the U.S. Marshals Service to operate the Western Region Detention Facility, is in the process of testing all inmates there "whether or not they are showing any symptoms," said Kathy Nester, executive director of Federal Defenders of San Diego.

"Today we received confirmation of a large number of positive tests arising from that ongoing testing," Nester wrote in an email Friday.

She said 286 inmates were tested Thursday, and of those, 56 tests came back positive, 114 were negative and 116 were pending.

ADVERTISING

LIMITED-TIME OFFER

FREEDOM OF THE PRESS EVENT

$4 GETS YOU 4 MONTHS

By continuing to use our site, you agree to our Terms of Service and Privacy Policy. You can learn more about how we use cookies by reviewing our Privacy Policy. Close ✕

Dozens of inmates test positive for COVID-19 at San Diego jail - Los Angeles Times

SUBSCRIBE

An additional 221 tests were submitted Friday, with all of those results still pending, Nester said.

She said information about the apparent coronavirus outbreak was provided in a Friday phone call with the Marshals Service, which gives Federal Defenders regular updates "advising us of our clients who have tested positive and when there are ongoing quarantines" at its facilities.

"We are extremely worried about the rate at which the coronavirus is spreading through our detention facilities and the impact that will have on our clients and the community at large," Nester wrote.

A representative for GEO Group referred a request for comment to the marshals. Calls to the San Diego-area office of the Marshals Service were not answered Friday.



SPONSORED CONTENT

Election 2020: Politics, policy and the markets ↗

By Thrivent Asset Management

By continuing to use our site, you agree to our Terms of Service and Privacy Policy. You can learn more about how we use cookies by reviewing our Privacy Policy. Close

LIMITED-TIME OFFER

FREEDOM OF THE PRESS EVENT

$4 GETS YOU 4 MONTHS

✕

In April, Voice of San Diego reported that inmates at the facility reported cramped conditions that did not allow for social distancing. According to the declaration cited in the report, written by Federal Defenders litigator Joshua Jones and signed March 31, inmates at the facility reported several other safety concerns, including a lack of hand sanitizer in housing units and a scarcity of soap.

A study published in September in the Annals of Epidemiology found that "jails are epicenters of COVID-19 transmission in the United States."

The study's authors wrote that jails "present an ideal setting for infections to spread" because "incarcerated individuals are at higher risk for infection due to unsanitary living conditions and inability to socially distance." Additionally, the authors wrote that "correctional officers rarely have public health training, and correctional health systems are chronically underfunded."

Two of the study's authors, from Stanford University, said an outbreak inside a jail threatens the community outside because "the people who work there enter and leave every day. They can take the virus out into the community when they go home at night."

The apparent outbreak at the Western Region Detention Facility follows an outbreak at the Metropolitan Correctional Center, another federal jail in downtown San Diego.

As of Friday, there were three confirm...

SUBSCRIBE

By continuing to use our site, you agree to our Terms of Service and Privacy Policy. You can learn more about how we use cookies by reviewing our Privacy Policy. Close

LIMITED-TIME OFFER

$4 GETS YOU 4 MONTHS

Dozens of inmates tested positive for COVID-19 at San Diego jail - Los Angeles Times

SUBSCRIBE

But Federal Defenders, whose attorneys represent most indigent defendants charged with fede... September that at least 405 out of the more than 550 inmates housed there had tested positive... ...e point, according to data they compiled based on updates from prison officials.

Prison officials reported 48 inmates and 12 staffers with active coronavirus cases Sept. 28, when activists and family members gathered across across the street to hold a vigil for 47-year-old Victor Ray Cruz, who attorneys said died of COVID-19.

*Riggins writes for the San Diego Union-Tribune.*

**SPONSORED CO**

CALIFORNIA



### The stories shaping California

Get up to speed with our Essential California newsletter, sent six days a week.

Enter Email Address

By continuing to use our site, you agree to our Terms of Service and Privacy Policy. You can learn more about how we use cookies by reviewing our Privacy Policy. Close ✖

LIMITED-TIME OFFER



FREEDOM OF THE PRESS EVENT

**$4 GETS YOU 4 MONTHS**

SUBSCRIBE



Alex Riggins

Twitter    Email    Facebook

Alex Riggins came to The San Diego Union-Tribune in 2018 from City News Service. He previously worked in Idaho for the Times-News. The Idaho Press Club named him Rookie of the Year in 2015. He is a La Mesa native and proud Helix Highlander, Grossmont Griffin and San Diego State Aztec.

 Latest in California

By continuing to use our site, you agree to our Terms of Service and Privacy Policy. You can learn more about how we use cookies by reviewing our Privacy Policy. Close

LIMITED-TIME OFFER

FREEDOM OF THE PRESS EVENT
$4 GETS YOU 4 MONTHS

**Prop. 14: Everything you need to know about the $5.5-billion stem cell measure**

SUBSCRIBE

---

SUBSCRIBERS ARE READING



POLITICS

**Your guide to the 2020 election in California**



CALIFORNIA

**A look at California's November ballot propositions**



CALIFORNIA

**Jackie Lacey vs. George Gascón: What to know about L.A County district attorney's race**

By continuing to use our site, you agree to our Terms of Service and Privacy Policy. You can learn more about how we use cookies by reviewing our Privacy Policy. Close

LIMITED-TIME OFFER

FREEDOM OF THE PRESS EVENT

$4 GETS YOU 4 MONTHS




SUBSCRIBE

---

Around the Web

Ads by Revcontent



**Ex-Costco Staff Reveal Which Products To Buy No Matter The Cost.**

BETTERBE



**30 Insanely Cool Gadgets That Are Going to Sell out by Thanksgiving**

TOP REVIEWS DAILY



**The Best Way to Stop a Barking Dog (It's Genius)**

REVIEWS GIZMO







By continuing to use our site, you agree to our Terms of Service and Privacy Policy. You can learn more about how we use cookies by reviewing our Privacy Policy.   Close



**LIMITED-TIME OFFER**

FREEDOM OF THE PRESS EVENT

**$4 GETS YOU 4 MONTHS**

11/2/2020                    Dozens of inmates test positive for COVID-19 at a San Diego jail - Los Angeles Times

Just Got Them Now

POST FUN

СOMPAI

SUBSCRIBE

---

CORONAVIRUS AND PANDEMIC ›

God, masks and Trump: What a coronavirus outbreak at a California church says about the election

79th prison inmate in California dies of COVID-19

Ds and Fs surge, attendance slips among L.A.'s poorest students amid distance learning

Mid-semester, many L.A. students are drifting, beset with anxiety and struggling in class

L.A. County reports 1,590 coronavirus cases, 4 deaths amid rise in Southern California infections

## Cases statewide »

**935,534**
confirmed

**17,670**
deaths

As of November 2, 9:27 a.m. Pacific

By continuing to use our site, you agree to our **Terms of Service** and **Privacy Policy**. You can learn more about how we use cookies by reviewing our **Privacy Policy**.   Close


LIMITED-TIME OFFER

FREEDOM OF THE PRESS EVENT

$4 GETS YOU 4 MONTHS

ADVERTISEMENT



SUBSCRIBE

By continuing to use our site, you agree to our Terms of Service and Privacy Policy. You can learn more about how we use cookies by reviewing our Privacy Policy. Close

LIMITED-TIME OFFER

FREEDOM OF THE PRESS EVENT

$4 GETS YOU 4 MONTHS

SUBSCRIBE

California coronavirus cases outpaced by Texas, but state warns not to let guard down

15 minutes ago

CALIFORNIA

Moving toward record turnout, 11.2 million Californians have already voted

35 minutes ago

CALIFORNIA

Prop. 14: Everything you need to know about the $5.5-billion stem cell measure

46 minutes ago

HOUSING & HOMELESSNESS

Prop. 21: Everything you need to know about rent control measure

1 hour ago

CALIFORNIA

Los Angeles Community College District elections: Everything you need to know

1 hour ago

ADVERTISEMENT

By continuing to use our site, you agree to our Terms of Service and Privacy Policy. You can learn more about how we use cookies by reviewing our Privacy Policy. Close

LIMITED-TIME OFFER

FREEDOM OF THE PRESS EVENT

$4 GETS YOU 4 MONTHS



Subscribe for unlimited access

Follow Us

eNewspaper

Coupons

Find/Post Jobs

Place an Ad

Media Kit: Why the L. A. Times?

Bestcovery

SUBSCRIBE

Copyright © 2020, Los Angeles Times | Terms of Service | Privacy Policy | CA Notice of Collection | Do Not Sell My Personal Information

By continuing to use our site, you agree to our Terms of Service and Privacy Policy. You can learn more about how we use cookies by reviewing our Privacy Policy. Close

LIMITED-TIME OFFER

FREEDOM OF THE PRESS EVENT

$4 GETS YOU 4 MONTHS